IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| LISA C. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL NO. 2008-130 |
| v. | ) | |
| | ) | |
| | ) | |
| PATRICK R. DONOHUE, POSTMASTER | ) | |
| GENERAL, UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion for an extension of time to complete factual discovery (ECF 80).  Defendant opposes the motion (ECF 82).  For the reasons discussed on the record at the conference on June 6, 2012, and as set forth below, plaintiff's motion will be denied.

This matter was filed in October 2008.  It was not until April 2011, however, that plaintiff finally effectuated proper service on defendant and she sought leave to file an amended complaint.  Once that was accomplished, defendant moved to dismiss the amended complaint, and plaintiff sought additional time to respond, as well as a continuance of the hearing on that motion.  On January 4, 2012, the Court dismissed several of plaintiff's claims and granted plaintiff the opportunity to again amend her complaint as to the remaining issues.  Plaintiff filed her Second Amended Complaint on January 18, 2012.

In February 10, 2012, after a conference with the parties, the Court entered a Trial Management Order that, among other things, provided for fact discovery to be completed no

*Campbell v. Donohue*
Civil No. 2008-130
Page 2

later than May 15, 2012.  At a status conference on March 29, 2012, the Court noted that plaintiff had not propounded any discovery, and further discovery plans were addressed.  At that time, plaintiff mentioned no problem with respect to meeting the schedule. Then, on May 25, 2012, 10 days after the close of fact discovery, without having served a single discovery request or noticed a single deposition, plaintiff filed the instant motion.

In the motion, plaintiff's counsel states that "due to [plaintiff's] limited financial resources, plaintiff has been unable to provide her counsel with the necessary financial resources to conduct discovery on her behalf."  Apart from this statement, plaintiff does not otherwise explain why it would have been "impossible" to comply with the Court's scheduling orders and obtain the needed discovery within the time allowed, or seek relief in a more timely fashion.  *See Unlimited Holdings v. Bertram Yacht, Inc.,* 2008 U.S. Dist. LEXIS 82142, at *19 (D.V.I. Oct. 15, 2008).  Federal Rule of Civil Procedure 16(b)(4) provides that good cause must be shown in order to modify a scheduling order, and the party seeking the modification must show diligence on its part in order to satisfy the good cause requirement.  Counsel's statement regarding financial issues he may have with his client do not meet the burden of showing diligence or establishing good cause.  Nor does plaintiff show "excusable neglect" under Rule 6(b)(1(B) such that the failure to seek scheduling relief in a timely manner might be excused.

In these circumstances, plaintiff has failed to demonstrate the good cause necessary for an extension of the fact discovery schedule.  Thus the motion to modify the scheduling order is DENIED.

S\_____
    **RUTH MILLER**
    United States Magistrate Judge